IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAS ADISA GAMBA,

      Plaintiff,                                 No. CIV S-05-1285 MCE JFM P

      vs.

JEANNE S. WOODFORD, et al.,

      Defendants.                      FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants violated the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Punishment or Treatment as well as the United Nations approved Standard Minimum Rules for the Treatment of Prisoners when, in 1988, they required him to cut his hair and then refused to give him the shorn locks to mail home to his family. Plaintiff also contends that prison officials have refused to respond to his request for information concerning the status of his inmate grievance, thus depriving him of access to a meaningful post-deprivation remedy for the loss of his hair. This matter is before the court on defendants' motion to dismiss this action as barred by the statute of limitations.

        "For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling,

1

including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (citing Fink v. Shedler, 192 F.3d 911, 914 (9th Cir.1999)).  In 1988, California's statute of limitations for personal injury actions was one year.  See former Cal. Civ. Proc. Code § 340.3.  In addition, individuals incarcerated at the time the cause of action accrued were given "unlimited tolling during incarceration." Ellis v. City of San Diego, Cal., 176 F.3d 1183, 1189 (9th Cir. 1999).  On January 1, 1995, the period of statutory tolling for incarcerated individuals was changed to two years.  See Cal.Civ.Proc.Code § 352.1(a).[1]  In Fink v. Shedler, the United States Court of Appeals for the Ninth Circuit held that § 352.1 "applies retroactively as long as a plaintiff had a reasonable time after January 1, 1995 to bring suit." Fink, at 915.  Claims that accrued prior to enactment of § 352.1, were "tolled for two years from accrual, or until January 1, 1995, whichever occurs later, as long as such an application [did] not result in manifest injustice." Id. at 916.

As noted above, plaintiff's claims in this action accrued in 1988.  (See Complaint, filed June 27, 2005, at 3.)  Plaintiff therefore had until January 1, 1995 to bring those claims.  See Fink, supra.  The instant action was filed in June 2005, over ten years after the limitation period expired.  It is untimely and should therefore be dismissed.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendants' January 20, 2006 motion to dismiss be granted; and

2. This action be dismissed as barred by the statute of limitations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written

---

[1] The statute provides in relevant part:  "If a person entitled to bring an action ⋯ is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not part of the time limited for the commencement of the action, not to exceed two years."  Cal.Civ.Proc.Code § 352.1.

1  objections with the court and serve a copy on all parties.  Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
3  shall be served and filed within ten days after service of the objections.  The parties are advised
4  that failure to file objections within the specified time may waive the right to appeal the District
5  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 6, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

12
gamb1285.mtd