IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAS ADISA GAMBA,

        Plaintiff,                         No. CIV S-05-1285 MCE JFM P

    vs.

JEANNE S. WOODFORD, et al.,

        Defendants.                 FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding in forma pauperis. On June 27, 2005, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that in April 1988 he was forced to cut his hair in violation of his religious beliefs. On July 12, 2006, this action was dismissed as barred by the statute of limitations.[1]

        On March 12, 2007, plaintiff filed a motion for relief from final judgment based on Fed. R. Civ. P. 60(b). On May 22, 2207, a briefing notice issued, providing for defendants' opposition within 21 days and plaintiff's reply seven days thereafter. No further briefing has been provided by either party.

---

[1] The court previously found that plaintiff's claims accrued in 1988, and plaintiff had until January 1, 1995 in which to bring those claims. (June 7, 2006 Findings and Recommendations at 2.) However, plaintiff did not bring the instant action until June 2005, over ten years after the limitation period expired. (Id.)

1

Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. P. 60(b). In the instant motion, plaintiff contends he is entitled to unlimited tolling for the entire period because he was insane at the time his action accrued and has been and continues to be insane from that date to the present.

Plaintiff argues he is entitled to relief because he failed to include the fact of his insanity in his June 27, 2005 complaint. However, plaintiff noted in his opposition to the motion to dismiss that he was being involuntarily medicated for his mental illness. In his objections to the findings and recommendations, plaintiff argued he was insane/incompetent at the time his action accrued and was therefore entitled to unlimited tolling during incompetency. (June 29, 2006 Objections at 3-4.) The district court conducted a *de novo* review of this case, carefully reviewing the entire file, and adopting the findings and recommendations *in toto*. (July 12, 2006 Order at 2.) Because plaintiff's claims of mental illness were presented and considered in the underlying action, and plaintiff has failed to demonstrate any of the other factors required for relief under Fed. R. Civ. P. 60(b), plaintiff's motion for relief from judgment should be denied.[2]

/////

---

[2] Plaintiff also abandoned his appeal from the final judgment. See January 10, 2007 Order. (Docket No. 28.)

However, even if this court re-evaluated plaintiff's evidence of mental illness, he would not prevail. In order to win equitable tolling, a prisoner must demonstrate that "extraordinary circumstances beyond [his] control" made it "impossible to file a petition on time." Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir.1997), *overruled in part on other grounds by* Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir.1998) (en banc), cert. denied, 526 U.S. 1060 (1999). The prisoner "must show that the 'extraordinary circumstances' were the but-for and proximate cause of his untimeliness." Allen v. Lewis, No. 01-15503, 2001 WL 717021, at 1 (9th Cir. June 27, 2001) (citations omitted).

Mental incompetency may equitably toll the AEDPA's limitation period because mental incompetency is an extraordinary circumstance beyond a prisoner's control. See Kelley, 163 F.3d at 541. But a showing of mental illness alone will not toll the limitation period. Under federal common law, mental illness tolls a limitation period only if "the illness in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." Miller v. Runyon, 77 F.3d 189, 191 (7th Cir.1996).

Plaintiff cites the tolling provision found in California Penal Code § 352(a), which provides for tolling if the person is insane at the time the cause of action accrued. For purposes of the tolling provision, "the term 'insane' has been defined as a condition of mental derangement which renders the sufferer incapable of caring for his property or transacting business, or understanding the nature or effects of his acts." Hsu v. Mt. Zion Hospital, 259 Cal.App.2d 562, 571, 66 Cal.Rptr. 659 (Cal.Ct.App.1968); cf. Feeley v. Southern Pac. Trans. Co., 234 Cal.App.3d 949, 952, 285 Cal.Rptr. 666 (Cal.Ct.App.1991) (tolling proper for time during which plaintiff was in a coma immediately after the injury that gave rise to his cause of action); Snyder v. Boy Scouts of America, 205 Cal.App.3d 1318, 1324, 253 Cal.Rptr. 156 (Cal.Ct.App.1988) (post-traumatic stress disorder does not count as "insanity" that tolls the

/////

limitations period). The disabilities of imprisonment and insanity must exist at the time the cause of action accrues in order to toll the limitations period. Cal.Code Civ. Proc. § 357.

The issue here is whether plaintiff can benefit from the insanity tolling provision. Because plaintiff's complaint was filed seventeen years after the cause of action accrued and ten years after the statute of limitations period expired, plaintiff would have to raise a triable issue of fact that he was continuously insane for the seventeen-year period from which the cause of action accrued. Rose v. Petaluma & Santa Rosa Ry. Co., 64 Cal.App. 213, 217 (Cal.Ct.App.1923). "[I]t is a settled rule of construction that the exemption period cannot be extended by the connection of one disability with another; in other words, a succession of disabilities cannot be tacked upon the first disability so as to prevent the operation of the statute." Id.

Here, plaintiff must show that he was insane within the meaning of Code of Civil Procedure § 352 for seventeen years after April 1988 (when the incident occurred) or at least from January 1, 1995 until his complaint was filed in June of 2005, a period of over ten years. Plaintiff has not done so. He does not raise a triable issue of fact that he suffered continuous insanity for this entire period.

Plaintiff has provided documentation that he suffers from chronic paranoid schizophrenia and that he has been subjected to court-ordered involuntary medication, pursuant to Keyhea v. Rushen, 178 Cal.App.3d 526 (1986), based on clear and convincing evidence that he is gravely disabled and incompetent to refuse medication. The evidence provided by plaintiff demonstrates he was involuntarily medicated for the following time periods: August 28, 1996 to August 27, 1997; December 6, 2004 to December 6, 2005; November 29, 2005 to November 29, 2006, and November 14, 2006 to November 14, 2007.

However, plaintiff also provided copies of court orders requiring withdrawal from medication dated April 10, 2003 and June 19, 2002. Plaintiff has provided no documentation for the years 1995, 1998, 1999, 2000, or 2001-2003, although he claims he has suffered from mental disorders since 1982. (Motion at 3.)

Plaintiff has not presented evidence he was declared incompetent to stand trial or to pursue his civil filings; plaintiff's current and past filings in this court demonstrate he was able to file civil cases on his own behalf.

The orders for involuntary medications indicate that plaintiff has mental health problems. However, the documents plaintiff provides are insufficient to raise a triable issue of fact that plaintiff suffered "insanity" for the entire ten year period. The documents do not explain whether the medication given plaintiff actually incapacitated plaintiff or helped him function. One cannot presume that plaintiff's mental health problems continued indefinitely. Such a presumption might require the dismissal of this action (or appointment of a guardian) because an insane person cannot represent himself. Plaintiff has not explained how he could be continuously suffering from insanity in light of his activities in this and the many other cases he filed since the incident at issue and the filing of the complaint. For example, from 1988-1994, plaintiff filed at least sixteen separate actions in this district. See CIV S-88-0841 EJG EM; CIV S-88-0427 DFL PAN;CIV S-88-0853 EJG EM; CIV S-88-0864 MLS; CIV S-88-1127 EJG; CIV S-88-1406 LKK PAN; CIV S-89-0699 LKK JFM; CIV S-89-0806 LKK JFM; CIV S-89-0870 EJG; CIV F-89-0516 MDC DLB; CIV S-89-1260 LKK JFM; CIV S-89-0357 LKK JFM; 89-0699 LKK PAN; CIV S 89-0806 LKK PAN; CIV S 94-1032 WBS JFM; CIV F 94-6164 GEB HGB ).[3] In 94-6164, plaintiff represented himself at jury trial (verdict rendered November 6, 1996). From 1998 to the present, plaintiff filed ten civil actions in this district, including the instant case. See CIV S-98-2061 GEB DAD; CIV S-02-1302 LKK GGH; CIV S-04-0233 MCE GGH; CIV S-04-0310 LKK PAN; CIV S-05-1364 MCE KJM; CIV S-05-1434 LKK GGH; CIV S-05-1596 GEB DAD; CIV S-05-1850 GEB GGH; and CIV S-05-2313 LKK GGH. Plaintiff has failed to establish that he was unable to take care of his property or transact business, or understand the nature or effects of his acts, for the entire ten year period.

---

[3] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

5

1    IT IS HEREBY RECOMMENDED that plaintiff's March 12, 2007 motion be
2 denied.
3    These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
5 days after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
8 failure to file objections within the specified time may waive the right to appeal the District
9 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
10 DATED: August 28, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

/001; gamb1285.60b